## PRUDE v. EQUITABLE LIFE ASSUR. SOC. OF UNITED STATES.

### No. 594.

United States District Court
S. D. West Virginia, Huntington Division.
April 18, 1952.

J. Paul Clark, Logan, W. Va., for plaintiff.

Jackson, Kelly, Morrison & Moxley, Charleston, W. Va., William T. O'Farrell, Charleston, W. Va., for defendant.

MOORE, Chief Judge.

### Findings of Fact

1. This is an action by plaintiff as beneficiary in a group life insurance policy issued by defendant to Youngstown Sheet and Tube Company on the lives of its employees. Coverage was extended to the employees of Youngstown Mines Corporation, a wholly owned subsidiary of the Sheet and Tube Company. Approximately one-half the premium on the group policy was contributed by the Sheet and Tube Company; the other half by the participating employees through pay-roll deductions. The Sheet and Tube Company forwarded the total monthly premium to defendant.

2. Jurisdiction is based upon diversity of citizenship. Plaintiff is a resident of the State of West Virginia. Defendant is a resident of the State of New York.

3. Carl Prude, an employee of Youngstown Mines Corporation, was issued a certificate of insurance under the terms of the group policy in the amount of $1,200, later raised to $3,600. Plaintiff was designated as Carl Prude's beneficiary.

4. By letter of February 23, 1950, the Sheet and Tube Company directed defendant to remove the employees of Youngstown Mines Corporation (which included Carl Prude) from coverage under the group policy, effective as of March 1, 1950. Public notice of this action was given to the employees concerned a few days later.

5. No premiums were paid on the policy on behalf of the employees of Youngstown Mines Corporation (including Carl Prude) for any period after March 1, 1950.

6. After March 1, 1950, and before March 25, 1950, representatives of the employees of Youngstown Mines Corporation made inquiry of its officials relative to reinstating or converting their insurance and were told in effect that nothing could be done.

7. On March 25, 1950, Carl Prude, while still employed by Youngstown Mines Corporation, was killed. Plaintiff duly made application to defendant for payment of insurance benefits, and furnished proof of

216

death. She has not received any payment under the policy.

8. The policy and certificate contained the following provisions upon some or all of which recovery must be based if recovery were allowed:

From the policy:

"Grace—A grace of thirty-one days will be granted to the Employer for the payment of every premium after the first, during which period the insurance hereunder shall continue in force provided the premium is paid by the Employer before the expiration of such period, unless the Employer or the Society shall have given written notice of termination in which event no grace will be allowed. Except as herein provided the payment of any monthly premium shall not maintain this policy in force beyond the next succeeding monthly premium due date."

From the policy as amended:

"Term Of Policy And Cancellation. This policy shall continue in force until the first policy anniversary and may be renewed on each policy anniversary for a further period of one year, subject to continuance of the payment in advance of the monthly premiums as required by this policy * * *."

From the Certificate:

"Termination And Conversion: The insurance upon the life of any Employee shall automatically cease upon discontinuance of his required contribution toward the payment of premiums for the insurance under the policy, or in the case of the termination of his employment with the Employer in the specified classes of Employees, the insurance shall automatically cease upon the thirty-first day following the date on which such termination takes place; but in the case of the termination of the employment for any reason whatsoever while insured under said policy, the Employee shall be entitled to have issued to him by the Society, without further evidence of insurability * * * an individual policy of life insurance. * * * Such individual insurance policy shall become effective at the end of thirty-one days after the termination of the employment provided the premium therefor is paid to the Society not later than such effective date."

From the policy:

"Certificates And Conversions. The Society will issue to the Employer for delivery to each employee whose life is insured under this policy, an individual certificate setting forth a statement as to the insurance protection to which such employee is entitled under the terms hereof, and to whom it is payable, together with a provision to the effect that in case of the termination of the employment for any reason whatsoever while insured hereunder, the employee shall be entitled to have issued to him by the Society, without further evidence of insurability * * * an individual policy of life insurance. * * * Such individual insurance policy, if issued, shall become effective upon the cessation of the insurance of such employee under this policy * * * provided the premium therefor is paid to the Society not later than such effective date."

## Conclusions of Law

1. The letter of February 23, 1950, constituted written notice to defendant of termination of the policy as to employees of Youngstown Mines Corporation.

2. No policy provision continued the policy in force as to Carl Prude beyond March 1, 1950.

3. No ground for estoppel exists under the circumstances detailed in the evidence which would continue the policy in force as to Carl Prude beyond March 1, 1950. The employer was not the agent of defendant, except for collection of the employees' part of the premiums.

4. The policy was not in force as to Carl Prude when he was killed.

5. Defendant is entitled to a judgment of dismissal.

An appropriate order will be entered.